IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:23-cr-056 |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| IVAN DEAN JOSLIN, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, plaintiff in the above-captioned matter, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on April 16, 2024, after pleading guilty to Count 2 of the Indictment, Receipt of Child Pornography in violation of Title 18, United States Code, Sections 2252A(a)(2). The Presentence Investigation Report ("PSR") has calculated an advisory guideline sentence of 135 to 168 months' imprisonment, based upon a Total Offense Level of 33, and a Criminal History Category of I. (PSR ¶ 91.) Neither party filed any objections to the PSR. (R. Docs. 38, 39.) The only issue to resolve at sentencing is the appropriate/reasonable sentence to be imposed after full and fair consideration of the USSG § 3553(a) factors.

I.  **Advisory Guideline Sentence**

The PSR calculated a Base Offense Level of 32 pursuant to USSG §2G2.1(a). (PSR ¶ 23.) A 2-level enhancement was applied for the involvement of a minor under

1

sixteen pursuant to USSG §2G2.1(b)(1)(B). (PSR ¶ 24). A 2-level enhancement was attributed for use of a computer consistent with USSG § 2G2.1(b)(6)(B)(i). (PSR ¶ 25.) A 3-level reduction was applied for acceptance of responsibility pursuant to USSG § 3E1.1(a), (b). (PSR ¶¶ 31, 32.) The Government will recommend the third level reduction to the Court.

## II.    Restitution

The victim's mother has not submitted a restitution request but will immediately notify the Court, probation, and Defendant if any requests are made. The victim's mother does either want her statement read in court or provided to the Court for review before the sentence is imposed. She will make that decision on the date of sentencing.

## III.   Title 18 U.S.C. § 3553(a) Factors.

The factors the Court must use to determine a reasonable sentence are:
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed;
      (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the sentencing range from the guidelines;
   (5) any pertinent policy statements by the Sentencing Commission;
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct; and
(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)). "A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 46.)1 (8th Cir. 2009) (en banc). The Court considers all the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however. In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.

The first factor the court looks at is, the nature and circumstances of the offense and the history and characteristics of the Defendant. The facts of this case are aggravating. On May 28, 2023, the Defendant was nineteen and met and befriended the thirteen-year-old victim at the pool. (PSR ¶ 12.) After meeting the victim, they exchanged phone numbers and immediately began communicating with each other. *Id*. Over the course of their communications, it quickly turned to sexual related conversations. *Id*. The Defendant sent images and videos to the victim of his groin area, clothed and unclothed. *Id*. The Defendant then messaged her about getting naked and masturbating and asked the victim to send videos of her stripping naked. *Id*. The victim sent videos to the Defendant with a bra and underwear and also of her bare pubic area. *Id*. The Defendant asked for and received child pornography of the victim. The Defendant made repeated requested to engage in sex

3

acts with the victim at his house on Wednesday and sent his address to her. *Id*. The Defendant's messages to the Defendant were sexually specific despite her obvious youth and inexperience.

The above interactions occurred after the Defendant knew the victim was thirteen years old. The Defendant misled the victim's mother by telling her that he was fifteen years old when she met him at the pool. The Defendant also changed his Facebook information so the victim's mother would not unveil his true age. *Id*. The Defendant told the victim that they would have to act like they were friends until the victim was 19. *Id*. The victim's responses to the Defendant's sexual advances demonstrated her naivety to the Defendant. Finally, the Defendant repeatedly told the victim to delete their messages. *Id*. The victim's mother intervened quickly which stopped the communications and any further plans between the Defendant and the victim to meet up.

In mitigation, the Defendant is a young man with no adult criminal history. (PSR ¶ 37.) By all accounts, he grew up in a home where his needs were met, he had contact with his parents, and they were supportive of him. (PSR p. 19.) The Defendant does have some health history that may warrant future treatment. (PSR ¶ 65.) The Defendant has also been employed as an adult and a trade may benefit the Defendant's ability to obtain employment once released from prison.

The government is advocating for a sentence that considers the aggravating

factors of this offense, provides adequate deterrence, and promotes rehabilitation to this Defendant as well as protecting the community.

                                          Respectfully Submitted,

                                          Richard D. Westphal
                                          United States Attorney

By:  */S/Shelly Sudmann*
          Shelly Sudmann
          Assistant United States Attorney
          2146 27th Ave, Suite 400
          Council Bluffs, IA 51501
          Tel: (712) 256-5009
          Fax: (712) 256-5112
          Email:  shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2024, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.   I hereby
certify that a copy of this document was served
On the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

__X____ECF/Electronic filing  _____other means

UNITED STATES ATTORNEY

By: */s/SCT*
    Paralegal Specialist